### PIHLMAN v. CONNERY.

(Supreme Court, Appellate Term. June 30, 1908.)

EVIDENCE—OPINION EVIDENCE—DAMAGES—GENERAL ESTIMATE.

    Defendant's general estimate of the amount of damages he claimed he had sustained by the negligent manner in which plaintiff performed the work sued for was inadmissible to entitle defendant to recover such damages on a counterclaim.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2283.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gustaf I. Pihlman against Thomas Connery. From a Municipal Court judgment in favor of plaintiff, and allowing a portion of defendant's counterclaim, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

H. Schieffelin Sayers, for appellant.
Thomas R. Lane, for respondent.

PER CURIAM. The plaintiff sued for a balance of $128.69 alleged to be due him for services rendered and materials furnished at the request of the defendant. That this balance was due the plaintiff from the defendant was admitted upon the trial. The defendant pleaded a counterclaim for damages, which he alleged resulted to him from the negligent manner in which the plaintiff performed his contract. The trial court allowed the defendant a part of his counterclaim, and rendered judgment for the plaintiff for $51.10. From this judgment the plaintiff appeals to this court.

There was no evidence to show the damage which the defendant claims resulted to him from the negligent manner in which the plaintiff performed his work. Against the objection and over the exception of the attorney for the plaintiff, the defendant was allowed to state his conclusion or general estimate as to the damage which he claimed he sustained. This was not competent evidence, and the trial court should not have permitted the conclusion of the defendant to be substituted in lieu of legal evidence.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.